# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| **JAMES H CARTER JR** | **CASE NO.  5:25-CV-00299** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CARRINGTON MORTGAGE SERVICES LLC** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Motion for Judgment on the Pleadings [Doc. No. 9] filed by Defendant Carrington Mortgage Services LLC ("Carrington"). An Opposition [Doc. No. 14] was filed by Plaintiff James H. Carter, Jr. ("Carter"). A Reply [Doc. No. 16] was filed by Carrington.

For the reasons set forth herein, Carrington's Motion for Judgment on the Pleadings is **GRANTED**.

## I.    BACKGROUND

Carrington is the servicer of Carter's home mortgage loan.[1] Carter moved back to Louisiana from Georgia to take care of his sick father in 2007.[2] On October 25, 2013, Carter signed the subject mortgage. Carter, as a result of contracting COVID-19 in January 2023, was unable to timely purchase flood insurance for his home.[3]  To avoid lapse, Carrington thereafter acquired lender-placed flood insurance coverage at the cost of $3,797.00 through Great American E & S Insurance Company.[4] Thereafter, Carrington demanded Carter pay back the amount it paid on Carter's behalf for flood insurance.[5]  Carter is not contesting Carrington's right to obtain the

---

[1] [Doc. No. 9-1, p. 2].
[2] [Doc. No. 1-1, p. 4].
[3] [Doc. No. 1-1, ¶ 25].
[4] [Id., ¶ 27].
[5] [Id., ¶ 41].

lender-placed coverage, or the right to require repayment. However, Carter contests the cost of the flood insurance, arguing that the cost is substantially more than the cost he could have obtained it for it himself.[6]

On January 11, 2024, Carrington filed a foreclosure proceeding against Carter,[7] and on January 22, 2024, Carrington seized Carter's property and set a sheriff sale as to the property on March 25, 2024.[8]

The foreclosure suit was dismissed in July 2024, after Carter returned a signed repayment plan and a certified check for $238.83.[9] Despite signing the repayment plan, Carter has continued to contest the amount of the flood insurance policy. Carter filed the pending Petition for Damages against Carrington on January 23, 2025.[10] In the Petition, Carter alleges breach of contract, fraud, wrongful seizure and foreclosure, defamation, and asks for damages.[11]

The issues have been briefed and the Court is prepared to rule.

## II.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 12(c) permits any party to move for a judgment on the pleadings, provided the motion is made early enough to avoid delaying trial." *NAZ, LLC v. Philips Healthcare, a Div. of Philips Elecs. N. Am. Corp.,* No. CV 17-2882, 2018 WL 1202570, at *5 (E.D. La. Mar. 8, 2018). "A court may grant a Rule 12(c) motion only if the pleadings evince no disputes of genuine material fact and questions of law alone remain." *Id.* "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings

---

[6] [Doc. No. 14, p. 5].
[7] [Id. at p. 13].
[8] [Id., ¶¶ 54, 57].
[9] [Id., ¶¶ 63, 67].
[10] [Doc. No. 1-1].
[11] [Id., at pp. 16-17].

and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is now a "plausibility" standard found in *Bell Atlantic Corp. v. Twombly* and its progeny. *See* 550 U.S. at 544 (2007). Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In reviewing the adequacy of the pleadings, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "Just like when it reviews a motion to dismiss under Rule 12(b)(6), when reviewing a Rule 12(c) motion, a district court must consider the pleadings, any documents the pleadings incorporate by reference, and matters of which the court may take judicial notice." *Naz, LLC*, 2018 WL 1202570, at *5.

## III. ANALYSIS

All of Carter's claims arise out of his allegation that the cost of the flood insurance purchased by Carrington was excessive. However, the "filed-rate" doctrine bars judicial recourse

by Carter. The filed-rate doctrine forbids a regulated entity to charge rates for its services other than those properly filed with the appropriate regulatory authority. La. R.S. 22:2(E); La. R.S. 22:1451.B; and La. R.S. 22:1464; *Winn v. Alamo Title Ins. Co.*, 2009 WL 7099484 at 3 (W.D. Tex. May 13, 2009). The main purpose for this doctrine is to preserve the exclusive role of regulating agencies in approving rates and keeping courts—which are far less competent to perform this function—out of the rate-making process. *Id.*

There is no allegation by Carter that Carrington did not have the authority to pay and/or collect the flood insurance premium from him. Additionally, the mortgage itself gives Carrington the authority to pay the premium and/or collect the amount paid from Carter.[12]

Carter's claim that the premium paid by Carrington was excessive is the basis for all of Carter's claims in his Petition for Damages. Since the insurance rates are set by the Louisiana Commissioner of Insurance, the filed-rate doctrine bars all of Carter's claims. *Woodside v. Pacific Union Financial, LLC*, 2018 WL 1419349 at *5. (E.D. La., March 22, 2018); *Kirksey v. American Bankers Ins. Co. of Florida*, 114 F. Supp. 2d 526, 529 (S.D. Miss., Sept. 22, 2000); and *Winn*, 2009 WL 7099484 at *3.

The rate of $3,797.63 was the rate filed by Great American E & S Insurance Company for flood insurance to Carter's home from January 14, 2022, to January 14, 2023.[13] Great American E&S Insurance Company was an insurance company registered and regulated by the Louisiana Department of Insurance.[14]

Therefore, the filed-rate doctrine bars Carter's claims.

---

[12] [Doc. No. 9-4 ¶¶ 2, 3 and 5].
[13] [Doc. No. 9-5].
[14] [Doc. No. 9-6].

## IV.    CONCLUSION

For the reasons set forth herein, the Motion for Judgment on the Pleadings [Doc. No. 9] filed by Carrington is **GRANTED**.

MONROE, LOUISIANA, this 22nd day of May 2025.

_____
Terry A. Doughty
United States District Judge